# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| LONNIE WEBSTER,<br>    Petitioner, | Case No. 1:11-cv-659 |
| vs. | Bertelsman, J.<br>Wehrman, M.J. |
| WARDEN, WARREN<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Warren Correctional Institution, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 2), respondent's return of writ (Doc. 13), and petitioner's reply.[1] (Doc. 21).

## I. PROCEDURAL HISTORY

### State Trial Court Proceedings

On June 9, 2006, petitioner was indicted by the Hamilton County, Ohio grand jury on two counts of kidnapping, in violation of Ohio Rev. Code § 2905.01(B)(1); two counts of felonious assault, in violation of Ohio Rev. Code §§ 2903.11(A)(1) & (2); two counts of having weapons while under disability, in violation of Ohio Rev. Code § 2923.13(A)(2); and one count each of theft of a motor vehicle, aggravated robbery, and murder, in violation of Ohio Rev. Code §§ 2913.02(A)(1), 2911.01(A)(1), and 2903.02(A) respectively. (Doc. 13, Ex. 3). On June 14, 2006, petitioner pled not guilty to all charges. (Doc. 13, Ex. 4, p. 15).

---

[1] The Court notes that petitioner has also filed a motion to stay proceedings, a motion to amend, and a motion for extension of time. (Docs. 10, 18, 20). In light of this Report and Recommendation petitioner's motions were denied in a separate order issued this same date.

Through counsel, petitioner filed a motion to suppress statements made by petitioner to the police obtained in violation of his Fifth Amendment rights, a motion to suppress witness identification, and a motion for separate trials. (Doc. 13, Ex. 5, 8, 10). The trial court denied each of petitioner's motions. (Doc. 13, Ex. 6, 7, 9, 11, 12, 13).

On October 12, 2006, petitioner waived his right to a jury trial with regard to the two counts of having weapons while under disability, electing to have a bench trial on those charges. (Doc. 13, Ex. 14). The remaining charges were tried before a jury. On December 14, 2006, petitioner was found guilty of all charges. (Doc. 13, Ex. 4, p. 8). On January 11, 2007, he was sentenced to a total aggregate sentence of eighty years and six months to life. (Doc. 13, Ex. 15, p. 2).

On January 12, 2007, through counsel, petitioner filed a timely appeal to the Ohio Court of Appeals. (Doc. 13, Ex. 17). Petitioner raised eight assignments of error:

1. THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING THE MOTION FOR SEPARATE TRIALS

2. THE TRIAL COURT ERRED IN NOT GRANTING THE MOTION FOR MISTRIAL BASED UPON JUROR MISCONDUCT

3. THE TRIAL COURT ERRED IN PERMITTING THE ADMISSION OF OTHER ACTS EVIDENCE

4. THE TRIAL COURT ERRED IN NOT INSTRUCTING ON LESSER INCLUDED OFFENSES, THE DEFINITION OF SUBSTANTIAL RISK, AND THE REQUIRED FINDING IF A PERSON IS RELEASED UNHARMED AS IT RELATED TO THE KIDNAPPING CHARGES

5. THE PROSECUTOR'S COMMENTS DURING CLOSING ARGUMENT CONSTITUTED PROSECUTORIAL MISCONDUCT

6. THE TRIAL COURT ERRED IN NOT MAKING THE GRAND JURY TESTIMONY OF WITNESSES AVAILABLE TO THE DEFENSE COUNSEL FOR CROSS EXAMINATION

7. THE VERDICTS ARE CONTRARY TO LAW AND AGAINST THE WEIGHT OF THE EVIDENCE

8. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT FOR CONTEMPT OF COURT

(Doc. 13, Ex. 18). On April 4, 2008, the Ohio Court of Appeals affirmed the trial court's judgment. (Doc. 13, Ex. 2).

## Ohio Supreme Court

On May 16, 2008, through counsel, petitioner filed an appeal to the Ohio Supreme Court. (Doc. 13, Ex. 20). In his memorandum in support of jurisdiction petitioner presented two propositions of law:

> FIRST PROPOSITION OF LAW: A trial court violates a defendant's right to due process and a fair trial when it refuses to order separate trials for unrelated charges. Fifth and Fourteenth Amendments, United States Constitution; Section 16, Article I, Ohio Constitution.
>
> SECOND PROPOSITION OF LAW: A trial court commits prejudicial error by allowing the admission of irrelevant character and prior acts evidence in violation of evidence rules 402 through 405, R.C. 2945.49, and the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, and Article I, Section 10 of the Ohio Constitution.

(Doc. 13, Ex. 21). On September 10, 2008, the Ohio Supreme Court denied leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (Doc. 13, Ex. 23).

## Application to Reopen Appeal

During the pendency of his appeal to the Ohio Supreme Court, petitioner filed a pro se application to reopen his direct appeal. (Doc. 13, Ex. 24). Therein, petitioner argued that his appellate counsel was ineffective for failing to raise the following errors on appeal:

3

1. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY PERMITTING THE POLICE TO TESTIFY TO HEARSAY FROM A NEWS-REPORT

2. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT AS HE WAS DENIED HIS RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW WHEN THE COURT CONDUCTED AN IN CAMERA INSPECTION, UPON THE SHOWING OF A PARTICULARIZED NEED, WITHOUT DEFENSE COUNSEL AVAILABLE AND PARTICIPATING IN EXAMINING THE GRAND JURY TRANSCRIPT TO DETERMINE THE EXISTENCE OF INCONSISTENCIES

3. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY INSTRUCTING THE JURY ON THE ISSUE OF COMPLICITY AS HE WAS DENIED HIS RIGHT TO GRAND JURY INDICTMENT IN VIOLATION OF THE FIFTH, AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE 1, OF THE OHIO CONSTITUTION

(Doc. 13, Ex. 24). Petitioner subsequently filed a motion for leave to amend his application to reopen, alleging that his appellate counsel was also ineffective for failure to raise the following two errors:

1. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BECAUSE HE WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10 AND 16, ARTICLE 1, OF THE OHIO CONSTITUTION

2. THE TRIAL COURT ERRED BY CONVICTING THE DEFENDANT-APPELLANT ON AN INDICTMENT THAT OMITS THE ESSENTIAL MENS REA ELEMENTS OF AGGRAVATED ROBBERY

(Doc. 13, Ex. 26). The Ohio Court of Appeals granted petitioner's application on January 7, 2009. (Doc. 13, Ex. 27). The appellate court found that petitioner had demonstrated "a genuine issue as to whether he had a colorable claim of ineffective assistance of appellate counsel" based on appellate counsel's failure to challenge the trial court's imposition of consecutive prison

4

terms for his felonious assault convictions under Ohio Rev. Code §§ 2903.11 (A)(1) and (2). *Id.* at 3-4.

On March 25, 2009, through counsel, petitioner raised the following assignment of error in his reopened appeal:

> THE TRIAL COURT ERRED BY IMPOSING UNLAWFUL CONSECUTIVE PRISON SENTENCES ON COUNTS V AND VI AND BY FAILING TO MERGE ITS SENTENCES ON THESE COUNTS.

(Doc. 13, Ex. 28). On May 20, 2009, the Ohio Court of Appeals reversed the judgment of the trial court, finding that the petitioner "could have only been sentenced once for felonious assault under either R.C. 2903.11(A)(1) or R.C. 2903.11(A)(2)" as the convictions involved allied offenses of similar import. (Doc. 13, Ex. 30, p. 2). The case was remanded to the trial court for resentencing.

During the pendency of petitioner's reopened appeal, petitioner filed a pro se appeal to the Ohio Supreme Court from the appellate court's January 7, 2009 judgment. (Doc. 13, Ex. 31). Petitioner raised three assignments of error:

1. A DETERMINATION FOR A MEANINGFUL MERIT REVIEW IN RULING UPON THE TRIAL COURT CONDUCTING AN IN-CAMERA INSPECTION OF GRAND JURY TESTIMONY WITHOUT DEFENSE COUNSEL PARTICIPATING TO EXAMINE THE GRAND JURY TESTIMONY TO DETERMINE THE EXISTENCE OF INCONSISTENCIES DOES NOT STEM FROM EVIDENCE OUTSIDE THE RECORD, MAKING ITS VEHICLE FOR RAISING SUCH CLAIM A POSTCONVICTION PETITION UNDER R.C. 2953.21

2. AN ACCUSED IS DENIED THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL ON A FIRST APPEAL AS OF RIGHT AS GUARANTEED BY THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION, WHEN COUNSEL FAILS TO ASSIGN AS ERROR TRIAL COUNSEL'S INEFFECTIVENESS IN FAILING TO OBJECT TO SEVERAL IMPROPER AND PREJUDICIAL ARGUMENTS BY THE PROSECUTOR TO THE JURY

3. AN ACCUSED IS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL ON A FIRST APPEAL AS OF RIGHT AS GUARANTEED BY THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SEC. 10, ART. 1, OF THE OHIO CONSTITUTION, WHEN COUNSEL FAILS TO ASSIGN AS ERROR THE TRIAL COURT'S ADMISSION OF HEARSAY TESTIMONY IN VIOLATION OF THE ACCUSED'S RIGHT TO CONFRONTATION

(Doc. 13, Ex. 32). The Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question on April 22, 2009. (Doc. 13, Ex. 33).

### Resentencing

Petitioner was resentenced on August 17, 2009. (Doc. 13, Ex. 1). As directed by the Ohio Court of Appeals, the trial court merged the two felonious assault charges for sentencing and sentenced petitioner to eight years for the offense. *Id.*

Through counsel, petitioner filed a timely appeal of the re-sentence on August 21, 2009. (Doc. 13, Ex. 34). Petitioner raised the following assignment of error:

> The Trial Court Erred to the Prejudice of Appellant by imposing a Sentence That is Contrary to Law.

(Doc. 13, Ex. 35). On February 10, 2010, the Ohio Court of Appeals affirmed the judgment of the trial court. (Doc. 13, Ex. 37).

On May 5, 2010, petitioner filed a pro se application to reopen his appeal, arguing that his appellate attorney was ineffective for raising the following assignments of error in the appeal of his resentencing:

1. THE TRIAL COURT ERRED BY CONVICTING THE DEFENDANT OF AN INDICTMENT THAT OMITS THE ESSENTIAL MENS REA ELEMENTS OF AGGRAVATED ROBBERY.

2. WHEN THE PROSECUTOR[']S COMMENTS DURING CLOSING ARGUMENTS CONSTITUTE PROSECUTORIAL MISCONDUCT, A DEFENDANT IS DENIED HIS RIGHT TO A FAIR TRIAL IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENT TO

THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE 1, OF THE OHIO CONSTITUTION.

3. APPELLANT[']S CONVICTIONS FOR MURDER, AGG. ROBBERY, AND FELONIOUS ASSAULT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE. WHICH VIOLATES THE APPELLANT[']S RIGHT TO DUE PROCESS, AND HIS FIFTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

(Doc. 13, Ex. 38). On June 9, 2010, the appeals court overruled petitioner's application, finding that "the issues were previously raised and adjudicated, and they are barred by *res judicata*." (Doc. 13, Ex. 40).

On July 16, 2010, petitioner appealed the Ohio Court of Appeals' denial of his 26(B) application to the Ohio Supreme Court. (Doc. 13, Ex. 41). Petitioner raised three propositions of law:

1. A DEFENDANT IS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL ON A FIRST APPEAL AS OF RIGHT AS GUARANTEED BY THE 6 AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SEC. 10, ART. 1, OF THE OHIO CONSTITUTION, WHEN COUNSEL FAILS TO ASSIGN AS ERROR THE TRIAL COURT ERRED BY CONVICTING DEFENDANT ON AN INDICTMENT THAT OMITS THE ESSENTIAL MENS REA ELEMENTS OF AGGRAVATED ROBBERY

2. A DEFENDANT IS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL ON HIS APPEAL AS OF RIGHT, WHEN COUNSEL FAILS TO ASSIGN AS ERROR THE PROSECUTOR COMMENTS DURING CLOSING ARGUMENTS CONSTITUTED PROSECUTORIAL MISCONDUCT. WHICH VIOLATED THE DEFENDANT[']S RIGHT TO A FAIR TRIAL IN VIOLATION OF THE 5 AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION

3. A DEFENDANT IS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL WHEN COUNSEL FAILS TO ASSIGN AS ERROR APPELLANT[']S CONVICTION FOR MURDER, AGG. ROBBERY, AND FELONIOUS ASSAULT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE. WHICH VIOLATES THE APPELLANT[']S RIGHT TO DUE PROCESS

(Doc. 13, Ex. 42). On September 29, 2010, the Ohio Supreme Court dismissed the appeal "as not involving any substantial constitutional question." (Doc. 13, Ex. 43).

## Federal Habeas Corpus

On September 13, 2011, petitioner commenced the instant habeas corpus action.[2] (Doc. 2). Petitioner raises the following grounds for relief:

> Ground[] One: The Trial Court abused its discretion in overruling the Motion for Separate Trial.
>
> Ground Two: The trial Court erred to the prejudice[] of the defendant-Appellant by permitting the police to testify as to hearsay from a news report.
>
> Ground Three: A trial court commits prejudicial error by allowing the admission of irrelevant character and prior acts evidence in violation of Evidence Rules 402 through 405, R.C. 2945.49, and the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, and Article 1, Section 10 of the Ohio Constitution.
>
> Ground Four: The trial court erred to the prejudice of defendant-appellant because he was denied his right to effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Section 10, and 16, Article 1, of the Ohio Constitution, and [w]hen the prosecutor[']s comments during closing arguments constitute prosecutorial misconduct, [a] defendant is denied his right to a fair trial in violation of the Fifth, and Fourteenth Amendments to the United States Constitution and Section 10, Article 1, of the Ohio Constitution.

*Id.* at 20-27.

On December 29, 2011, petitioner filed a motion to stay proceedings. (Doc. 10). Therein, petitioner argues that in *State v. Johnson*, 924 N.E.2d 1061 (Ohio 2010), the Ohio Supreme Court "modified the test for determining whether multiple offenses are allied offenses o[f] similar import and prohibited by the Double Jeopardy Clause of the United States

---

[2] The petition was stamped as "filed" with the Court on September 23, 2011. Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on September 13, 2011. (*See* Doc. 2, p. 16). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see, In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on September 13, 2011.

Constitution." (Doc. 10, p. 1). Petitioner moves the Court to stay these proceedings because he "has a potential constitutional claim that has not been fully exhausted in state courts." *Id.* As an attachment to his motion to stay, petitioner includes a motion to vacate and correct a void sentence which petitioner filed in the state trial court on December 21, 2011. *Id.* at 3. Petitioner's motion to vacate was overruled by the trial court on January 6, 2012.[3]

On January 19, 2012, respondent filed a return of writ. (Doc. 13). Respondent contends that the petition should be dismissed with prejudice because the petition is time barred under 28 U.S.C. § 2244(d)(1)(A). *Id.* at 17-23. In addition, respondent argues that petitioner procedurally defaulted Grounds Two and Four of the petition by failing to present these claims on direct appeal. *Id.* at 23.

On February 2, 2012, in response to the return of writ, petitioner filed a motion to requesting leave to amend. (Doc. 18). Therein, petitioner seeks to amend his original petition to include a ground for relief asserting that his appellate counsel was ineffective. *Id.* at 1. Petitioner notes that he "raised this ground for relief in state court proceeding yet he failed to raise it in his 2254 petition, in spite of the fact that two of the claims that he alleged his appellate counsel was ineffective for failing to raise, are raised as independent claims in the instant petition." *Id.*

Respondent opposes the motion to amend, arguing that the "the additional claims do not relate back to timely filed claims, amendment would be futile and Respondent would be unduly prejudiced by an amendment." (Doc. 19, p. 1). Respondent contends that the amendment would be futile because petitioner's entire petition, including the proposed amended ineffective

---

[3] Found at www.courtclerk.org/case.asp, under Case No. B-0604764.

assistance of appellate counsel claim, is time barred by the applicable statute of limitations. *Id.* at 4.

On March 15, 2012, petitioner filed a motion requesting an extension of time to file a response to the return of writ. (Doc. 20). Petitioner notes that "[t]his court has yet to rule on the motion to amend, therefore the parameters of any response are not clearly defined, so Petitioner is requesting that he be granted an extension of time to file his response until after this court has ruled on his motion to amend." *Id.* at 1. In addition, petitioner requested that the Court rule on the motion to amend prior to requiring him to respond to the return of writ. *Id.*

On March 27, 2012, petitioner responded to the return of writ as to the timeliness of his petition. (Doc. 21). In the motion, "[p]etitioner posits that it is from that September 29, 2010 dismissal of his appeal in the Ohio Supreme Court that his conviction became final by the conclusion of direct review. Petitioner filed the instant petition on September 23, 2011, therefore, he is within the one-year period of limitations as outlined in 29 U.S.C. § 2244(d)(1)." *Id.* at 3.

**II.     THE PETITION SHOULD BE DISMISSED.**

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Petitioner has not argued, nor is there evidence in the record to suggest, that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to his claims.[4] Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's four grounds for habeas relief are based on alleged errors that occurred during the trial proceedings. Since petitioner was aware of the facts underlying his claims by the close of trial and before the conclusion of the direct review proceedings, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Under § 2244(d)(1)(A), the statute of limitations began to run on March 29, 2010, when petitioner's conviction became final by the expiration of the 45-day period for filing an appeal to the Ohio Supreme Court from the appellate court's February 10, 2010 denial of petitioner's

---

[4] In fact, petitioner and respondent both contend that the 28 U.S.C. § 2244(d)(1)(A) sets forth the applicable limitations provision. (*See* Doc. 21, p. 2; Doc. 13, p. 18).

appeal of his resentencing.[5] *See* Rule II, Section 2(A)(1), Rules of Practice of the Supreme Court of Ohio; *see also Rashad v. Lafler,* 675 F.3d 564, 567-69 (6th Cir. 2012) (distinguishing *Bachman v. Bagley,* 487 F.3d 979 (6th Cir. 2007), and relying on the Supreme Court's decision in *Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (per curiam), in holding that, even though the petitioner did not raise any claims in his habeas petition challenging his new sentence on re-sentencing, his conviction did not become final within the meaning of 28 U.S.C. § 2244(d)(1)(A) until direct review of the state court's re-sentencing decision was completed). Therefore, the statute of limitations commenced running on March 29, 2010, and expired one year later on March 29, 2011, absent application of statutory or equitable tolling principles.[6]

During the one-year limitations period, petitioner was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* __ U.S. __, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991

---

[5] The appeal period actually ended on Saturday, March 27, 2010. The Court assumes in petitioner's favor that the expiration date fell on the next business day, which was Monday, March 29, 2010.

[6] Petitioner argues that his conviction became final following the Ohio Supreme Court's September 29, 2010 dismissal of his appeal from the denial of his application to reopen. (Doc. 21, p. 3). However, it is well-settled that an application to reopen is not part of direct review and petitioner's application to reopen therefore did not serve to delay the finality of petitioner's conviction under § 2254(d) . *See Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005) ("a Rule 26(B) application to reopen is a collateral matter rather than part of direct review"); *see, e.g., Hughes v. Warden*, No. 2:10-cv-632, 2011 WL 2175552, at *1 (S.D. Ohio June 3, 2011) (rejecting petitioner's argument that his conviction did not become final until after the Ohio Supreme Court dismissed his appeal in his Rule 26(B) proceedings).

F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

In the instant case, the limitations period ran for 37 days before petitioner filed his May 5, 2010 application to reopen. (*See* Doc. 13, Ex. 38; Doc. 21, p. 3). The limitations period was tolled until June 9, 2010, when the Ohio Court of Appeals denied his application. (*See* Doc. 13, Ex. 40). The clock began to run again on June 10, 2010, for an additional 36 days until July 16, 2010, when petitioner appealed the Ohio Court of Appeals denial of his application to reopen to the Ohio Supreme Court. (*See* Doc. 13, Ex. 41). The Ohio Supreme Court denied his appeal on September 29, 2010, (Doc. 13, Ex. 43), and the limitations period ran the remaining 292 days, expiring on July 19, 2011. Petitioner did not file the instant petition until September 13, 2011. Accordingly, it appears the petition is time barred unless petitioner is entitled to equitable tolling.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th

Cir.), *cert. denied,* 132 S.Ct. 456 (2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. Although it is at least arguable that petitioner has been diligent in pursuing his rights, petitioner has offered no explanation as to why he waited over seventeen months after his conviction became final to file the instant petition. To the extent that petitioner mistakenly thought that his 26(B) application to reopen his appeal was part of his direct appeal of his resentencing, it is well-settled that petitioner's *pro se* status and lack of legal expertise does not constitute an "extraordinary circumstance" that would justify excusing the statute-of-limitations bar to review. *Cf. Hall*, 662 F.3d at 751-52; *see also Johnson v. United States,* 544 U.S. 295, 311 (2005) (in a case where the defendant defended his delay in challenging a state conviction on the basis of his *pro se* status and lack of "sophistication" in understanding legal procedures, the Court stated: "[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). The Court therefore finds that petitioner is not entitled to equitable tolling.

Accordingly, in sum, the undersigned concludes that the instant petition, filed well after the statute of limitations had run its course, is time-barred. Therefore, petitioner's federal habeas corpus petition (Doc. 3) should be **DISMISSED** with prejudice.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 2) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to any claims alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[7]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


May 17, 2012                               s/ J. Gregory Wehrman_____
                                           J. Gregory Wehrman
                                           United States Magistrate Judge

---

[7] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LONNIE WEBSTER,
    Petitioner,

vs.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:11-cv-659

Bertelsman, J.
Wehrman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).